IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-265-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| CLIFTON LASHAWN DELWAYN | ) | |
| CURRIE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to

18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of

a sergeant with the Cumberland County Sheriff's office on an ATF task force. Defendant presented

no evidence. The court also reviewed the pretrial services report. After careful consideration

pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on

the findings and reasons stated below and in open court, the court finds by a preponderance of the

evidence that there is no condition or combination of conditions that will reasonably assure

defendant's appearance as required, and by clear and convincing evidence that there is no condition

or combination of conditions that will reasonably assure the safety of any other person and the

community before trial. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 4 August 2010 for possession of a firearm (*i.e.*, a .22 caliber

handgun) and ammunition (*i.e.*, .22 caliber) by a convicted felon on or about 12 April 2010, in

violation of 18 U.S.C. §§ 922(g) and 924. The evidence presented at the hearing showed that the

charges arise from a stop of defendant by police investigating the firing of two shots around the

apartment complex of defendant's former girlfriend on the night of the alleged offense date.

Defendant dropped an object when the police approached him. A silver Lorcin pistol was found in the vicinity where defendant had been standing. Defendant's ex-girlfriend had reported the shots to the police, stating that defendant had made a threatening call to her earlier that night and that he apparently had been in her car because the interior light was on. Police found a .22 caliber shell in the car.

Defendant told police that he was in the area to buy a gun from"Ronald" for personal protection and that it was Ronald who shot the pistol to demonstrate to defendant that it worked. Defendant admitted that he had been in his ex-girlfriend's car, saying that he was retrieving some of his personal property, and that the .22 caliber shell had fallen out of his pocket. Defendant had previously been convicted of two felonies.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including its association with apparent threats against defendant's ex-girlfriend; defendant's criminal record, including two felony convictions, a misdemeanor conviction, thirteen failures to appear (albeit in motor vehicle cases), and a probation revocation based on violative conduct (defendant's probation was revoked on another occasion, according to defendant, at his election); defendant's severe learning disability (requiring, according to defense counsel, that any conditions of release be read to him); the absence of a proposed third-party custodian; the relatively high degree of flight risk and risk of danger presented by defendant; and, as indicated, the other findings and reasons stated in open court.

2

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. Defendant argued, for example, that his predicate felony offenses were not punishable by more than one year within the meaning of 18 U.S.C. § 922(g)(1). But the issue was not briefed and defendant did not make this showing for purposes of the government's detention motion (without prejudice, of course, to defendant's right to pursue it in other proceedings in this case).

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 4th day of February 2011.

James E. Gates
United States Magistrate Judge